UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>v.<br><br>RESORT AT INDIAN SPRINGS, LLC,<br><br>    Defendant. | Case No. 19-cv-04616-SVK<br><br>**ORDER ON (1) DEFENDANT'S MOTION TO DISMISS, (2) DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, AND (3) PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 5, 5-2, 13 |

In this case, Plaintiff Peter Strojnik, representing himself *pro se*, alleges that Defendant Resort at Indian Springs, LLC, which owns, operates, or leases a hotel in Calistoga, California (the "Hotel"), violates the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("DPA") and is liable for negligence. According to Plaintiff, first-party and third-party booking websites did not describe the Hotel's accessibility features in sufficient detail to permit Plaintiff to assess whether the Hotel meets his accessibility needs; he was unable to reserve accessible guest rooms in the same manner as individuals who do not need accessible rooms; and the Hotel has architectural barriers to accessibility. Dkt. 1 (Complaint) ¶¶ 16-22. Defendant now seeks to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). Dkt. 5. In support of its motion to dismiss, Defendant also filed a request for judicial notice. Dkt. 5-2. Following filing of Defendant's motion to dismiss, Plaintiff filed a motion for partial summary judgment. Dkt. 13. The parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 11.

Pursuant to Civil Local Rule 7-1(b), the Court deems the pending motions suitable for determination without oral argument. After considering the parties' submissions, the case file, and relevant law, and for the reasons discussed below, Defendant's motion to dismiss is

(1) GRANTED WITH LEAVE TO AMEND with respect to Plaintiff's ADA, Unruh Act, and DPA claims; and (2) GRANTED with respect to Plaintiff's negligence claim, without prejudice to Plaintiff's refiling that claim in state court or in an amended complaint in this case. Defendant's request for judicial notice is DENIED. Plaintiff's motion for partial summary judgment is DENIED.

**I.   BACKGROUND**

Plaintiff Peter Strojnik, a resident of Arizona, alleges that he has "a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee" that "substantially limit his major life activities." Dkt. 1 ¶¶ 3-4. According to Plaintiff, he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." *Id.* ¶ 4.

Plaintiff claims that he sought information about Defendant's Hotel in connection with a planned trip to the California Wine Country. *Id.* ¶ 15. According to Plaintiff, he became aware that first-party and third-party booking websites "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs" and "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." *Id.* ¶¶ 17-20. Plaintiff further alleges that online information about the Hotel disclosed architectural barriers to accessibility. *Id.* ¶ 22. Plaintiff contends that as a result of these conditions, he "is deterred from visiting the Hotel" but "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel because fully compliant" with the ADA. *Id.* ¶¶ 11-12. Plaintiff's complaint is accompanied by an addendum containing screen shots from booking websites and photographs of the Hotel. Dkt. 1-1.

On August 9, 2019, Plaintiff filed this action, asserting causes of action for: (1) violation of the ADA, 42 U.S.C. § 12101 *et seq.*; (2) violation of the California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*; (3) the California Disabled Person Act, California Civil Code §§ 54-54.3; and (4) negligence. Dkt. 1. Defendant seeks to dismiss the complaint (Dkt. 5), and Plaintiff seeks summary judgment in his favor (Dkt. 13).

## II. DEFENDANT'S MOTION TO DISMISS

### A. LEGAL STANDARD

#### 1. Rule 12(b)(1)

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. A challenge to a plaintiff's Article III standing is properly challenged by a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the plaintiff's lack of standing, the plaintiff must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health and Human Svcs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (citation omitted).

#### 2. Rule 12(b)(6)

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

### B. REQUEST FOR JUDICIAL NOTICE

In support of its motion to dismiss, Defendant has filed a request that the Court take judicial notice of the following (Dkt. 5-2):

**Exhibit A:** A printout from Google Maps showing the distance measurement and directions from Plaintiff's address in Phoenix, Arizona to Defendant's Hotel in Calistoga, California.

**Exhibit B:** PACER search results reflecting 25 unique *pro se* cases filed by Plaintiff since October 28.

**Exhibit C:** An Arizona State Bar complaint against Plaintiff.

**Exhibit D:** The Arizona State Bar's Judgment of Disbarment of Plaintiff.

Plaintiff objects to the requests for judicial notice, primarily on relevance grounds. Dkt. 12.

Exhibits A, B, C, and D are not relevant to the Court's consideration of the motion to dismiss, and the Court therefore DENIES Defendant's request for judicial notice of those documents, without prejudice to renewal of the request in the event the documents become relevant to other issues in the case.

### C. DISCUSSION

Defendant's motion to dismiss argues that Plaintiff lacks standing to bring an ADA claim and therefore the claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Dkt. 5 at 4-12. Because Defendant contends that the complaint's allegations, when accepted as true and all reasonable inferences are drawn in Plaintiff's favor, fail to establish standing, Defendant asserts a facial challenge to the Court's subject matter jurisdiction. *See* Dkt. 17 (Reply) (statement by Defendant that its motion to dismiss "mounts a facial attack on subject matter jurisdiction" under Rule 12(b)(1)).

Defendant also argues that if the ADA claim is dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under the Unruh Act, under the

DPA, and for negligence. Dkt. 5 at 12. Alternatively, Defendant argues that Plaintiff's state law claims fails to plead facts upon which relief may be granted. *Id.* at 12-16.

### 1. ADA Standing

As the party invoking the Court's jurisdiction, Plaintiff bears the burden of pleading Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To plead Article III standing, Plaintiff must show that (1) he has suffered an "injury-in-fact"; (2) the injury is fairly traceable to Defendant's challenged conduct; and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61). To establish injury in fact, the first of the elements of standing, Plaintiff must show that he suffered an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). A "concrete" injury "must actually exist." *Id.* "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating" the existence of an injury in fact. *Id.* at 1547 (internal quotation marks and citations omitted).

"In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (en banc) (internal quotation marks and citation omitted).

Defendant argues that Plaintiff lacks Article III standing to bring his ADA claim because (1) he has not suffered a concrete and particularized injury in fact in that Plaintiff "does not relate the alleged ADA barriers to [his] particular disability," and (2) he has not alleged facts demonstrating that he faces a real and immediate threat of repeated injury in the future as required to plead standing to pursue prospective injunctive relief under the ADA. Dkt. 5 at 4, 6.

#### a. Connection between alleged barriers and Plaintiff's disability

According to Defendant, for an injury to be concrete and particularized in the ADA context, the plaintiff must identify access barriers that interfere with his equal enjoyment of the facility, *i.e.*, a barrier that "affects the plaintiff's full and equal enjoyment of the facility on

5

account of his particular disability." Dkt. 5 at 4 (citing *Chapman*, 631 F.3d at 947 (quoting 42 U.S.C. § 12182(a)).

In his complaint, Plaintiff describes his physical conditions and alleges that as a result of those conditions, he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." Dkt. 1 ¶¶ 3-4. Plaintiff further claims that the alleged ADA violations "relate to barriers to Plaintiff's mobility" and "impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the 'injury in fact' requirement of Article III of the United States Constitution." *Id.* ¶ 10. In his opposition to the motion to dismiss, Plaintiff argues that the Ninth Circuit's decision in *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust ("CREEC")*, 867 F.3d 1093 (9th Cir. 2017) resolves the standing issues in Plaintiff's favor, as evidenced by a recent decision in this District applying *CREEC* to a case involving similar facts, *Strojnik v. GF Carneros Tenant, LLC*, No. 19-cv-03583. Dkt. 11 at 4-6; Dkt. 21.

In *CREEC*, the Ninth Circuit discussed the requirements for Article III standing, with a particular focus on the question (discussed more fully in the following section of this order) of whether a disabled plaintiff need actually visit the site that is the subject of the ADA lawsuit. Similarly, *GF Carneros* focuses on whether the plaintiff had adequately alleged a genuine intent to return to the hotel that was at the subject of that case. Those cases do not bear directly on Defendant's argument that Plaintiff has failed to plead facts establishing that the alleged barriers at the Hotel affect his full and equal enjoyment of the facility on account of his particular disability. In any event, the Court concludes that *CREEC*, upon which the court in *GF Carneros* relied, is distinguishable from this case as far as whether the plaintiff has adequately alleged a relationship between the alleged barriers and the plaintiff's particular disability. The plaintiffs in *CREEC* "use[d] wheelchairs for mobility." *CREEC*, 867 F.3d at 1097. The defendants in that case owned hotels that provided free local shuttle services, but each plaintiff was informed that the local hotel she contacted did not provide equivalent shuttle service for mobility-impaired people. *Id.* Thus, the plaintiffs in *CREEC* appear to have satisfied *Chapman*'s standing requirements by tying a specific barrier (lack of accessible shuttle service) to their particularly disability (wheelchair

6

bound).

Here, by contrast, Plaintiff has not alleged facts establishing how the alleged barriers at the Hotel impair his full use and equal enjoyment of that facility, given his alleged mobility limitations. The complaint does not explain the extent of his mobility limitations, other than to say that he "walks with difficulty and pain" and requires unspecified "compliant mobility accessible features." Dkt. 1 ¶ 4. Plaintiff claims his "impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony." *Id.* The addendum to the complaint contains captioned pictures of a variety of conditions at the Hotel, such as a picture of a bathroom sink and mirror described as "[r]eflective surface 43" high" (Dkt. 1-1 at 26); a picture of a patio door with "improper hardware" (*id.* at 32); pictures of steps described as an "[i]naccessible route to mineral pool" (*id.* at 40); and others. The lack of details about Plaintiff's particular physical limitations, combined with the conclusionary captions of the photographs submitted in the addendum, renders the complaint unclear as to whether and how the alleged barriers affected Plaintiff's use of enjoyment of the facility. These details are critical to the determination of standing because the Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a different disability. *See Doran v. 7-Eleven*, 524 F.3d 1034, 1044 n.7 (9th Cir. 2008) (holding that plaintiff, a wheelchair user, can challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the convenience store at issue); *see also Strojnik v. Hotel Circle GL Holdings*, No. 1:19-cv-01194-DAD-EPG, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019) (granting motion to dismiss ADA claim where same plaintiff as in this case because it could not be determined from conclusory allegations that any of the purported violations "relate to" Plaintiff's disability).

The Court therefore GRANTS the motion to dismiss WITH LEAVE TO AMEND insofar as Defendant argues that Plaintiff has failed to tie the alleged barriers to his particular disability.

### b. Threat of repeated injury

Defendant also argues that Plaintiff does not have standing because he has not pleaded facts demonstrating that he faces a "real and immediate threat of repeated injury in the future," as

7

required to seek injunctive relief on his ADA claim. Dkt. 5 at 6. According to Defendant, at least three factors "weigh against finding [Plaintiff] is sufficiently likely to return to [Defendant's] hotel to confer standing": (1) the distance between Plaintiff's residence and the Hotel; (2) the absence of any allegation of Plaintiff's past patronage of the Hotel or the surrounding area; and (3) the lack of an allegation of a definite plan by Plaintiff to visit the Hotel. *Id* at 7-8.

Where, as here, a plaintiff seeks injunctive relief, "past exposure to illegal conduct does not in itself show a present case or controversy," and the plaintiff must instead allege "continuing, present adverse effects" stemming from the defendant's actions. *CREEC*, 867 F.3d at 1098 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). A plaintiff experiences continuing adverse effects where a defendant's failure to comply with ADA requirements deters the plaintiff from making use of the defendant's facility. *CREEC*, 867 F.3d at 1098 (citing *Chapman*, 631 F.3d at 953). Further, "Article III . . . requires a sufficient showing of **likely injury in the future related to the plaintiff's disability** to ensure that injunctive relief will vindicate the rights of the particular plaintiff . . . .". *Chapman,* 631 F.3d at 949 (emphasis added). Where these requirements are met, the Ninth Circuit has held that a disabled plaintiff who has actual knowledge of illegal barriers at a public accommodation to which he desires access need not engage in the "futile gesture" of attempting to gain access in order to show actual injury. *CREEC*, 867 F.3d at 1098 (citing *1099 Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002)). The injury under the ADA continues so long as the discriminatory conditions continue and so long as a plaintiff is aware of them and remains deterred. *CREEC*, 867 F.3d at 1099 (citing *1099 Pickern*, 293 F.3d at 1135).

Defendant argues that although *CREEC* held that an ADA plaintiff may show continuing adverse effects by showing that the defendant's failure to comply with the ADA deterred the plaintiff from using the defendant's facility, "the plaintiff must have a true desire to return to the facility but for the barriers." Dkt. 17 at 7. Defendant contends that the complaint in this case does not allege facts showing that Plaintiff has a true desire to visit the Hotel and that the alleged barriers deter him from doing so. *Id.* at 7-8.

Accepting Plaintiff's allegations as true, as it must at this stage on Defendant's facial

challenge to the complaint, the Court finds that Plaintiff has failed to allege facts showing that Defendant's alleged failure to comply with ADA requirements deters Plaintiff from making use of the Hotel. Plaintiff merely alleges that he is "deterred from vising the Hotel based on Plaintiff's knowledge that the hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability" and that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel become fully compliant with [the ADA]." Dkt. 1 ¶¶ 11-12. As *Chapman* makes clear, the complaint does not adequately describe Plaintiff's alleged disabilities or how the alleged barriers at the Hotel affected Plaintiff's use of enjoyment of the facility in light of his particular disabilities. Absent such allegations, Plaintiff's conclusory allegations that he is deterred from visiting the Hotel, but would visit if it were accessible, are not plausible.

The Court therefore GRANTS the motion to dismiss WITH LEAVE TO AMEND insofar as Defendant argues that Plaintiff has failed to allege facts showing that he has suffered continuing, present adverse effects.

### 2. State Law Claims

Defendant also seeks dismissal of Plaintiff's state law claims on several grounds. First, Defendant argues that the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims if it dismisses Plaintiff's ADA claims. Second, Defendant moves to dismiss the state law claims under Rule 12(b)(6) on the grounds that (1) Plaintiff lacks statutory standing to sue under the Unruh Act or the DPA because neither statute applies extraterritorially, and (2) Plaintiff does not and cannot plead facts sufficient to state a plausible negligence claim against Defendant. *See* Dkt. 5 at 12-16. The Court first considers Plaintiff's Unruh Act and DPA claims, then turns to Plaintiff's negligence claim.

#### a. Unruh Act and DPA claims

In support of its argument that Plaintiff lacks standing to bring a claim under the Unruh Act, Defendant points to California Civil Code § 51(b), which affords "[a]ll persons within the jurisdiction of this state" certain rights to full and equal accommodations and facilities in all business establishments. According to Defendant, Plaintiff does not have standing under the Unruh Act because he is a resident of Arizona who did not visit Defendant's hotel and therefore is

9

not a "person within the jurisdiction of this state." Dkt. 5 at 14-15.

Plaintiff argues that standing under the Unruh Act is broad, and the remedies specified in Civil Code § 52(a) are available to "any person." Dkt. 11 at 7-9. However, Section 52(a) makes a remedy available only to "any person *denied the rights provided in Section 51, 51.5, or 51.6*" (emphasis added). Thus, to be entitled to a remedy under Section 52(b) for the alleged violation of Section 51, Plaintiff must show that he had rights under Section 51, which extends rights only to "persons within the jurisdiction of this state," or other sections not relevant here. Cal. Civ. C. § 51(b). The Unruh Act "by its express language applies only within California." *Archibald v. Cinerama Hawaiian Hotels, Inc.*, 73 Cal. App. 3d 152, 159 (1977); *see also Ebeid v. Facebook, Inc.*, No. 18-cv-07030-PJH, 2019 WL 2059662, at *7 (N.D. Cal. May 9, 2019) (dismissing Unruh Act claim brought by resident of Arizona concerning alleged discrimination by website operator located in California); *Perez v. Wells Fargo & Co.*, No. 17-CV-00454-MMC, 2017 WL 3314797, at *6 (N.D. Cal. Aug. 3, 2017) (dismissing Unruh Act claim brought on behalf of plaintiff residing in Texas who applied for and was denied credit in Texas by a bank headquartered in California). Plaintiff, who resides in Arizona and apparently accessed Defendant's website from Arizona, suggests that he falls within the category of persons protected by Section 51 because he "visits California quite often." Dkt. 11 at 9. However, "by its own terms, [Section 51(b)] is expressly limited to discrimination that takes place within California's borders." *Warner v. Tinder*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015) (dismissing Unruh Act claim against California-based operator of dating app brought by resident of Florida; citing cases).

Similarly, the DPA "contains no language that indicates its protections should be extended to individuals in other states, for injuries that took place outside of California." *Crawford v. Uber Techs., Inc.*, No. 17-cv-02664-RS, 2018 WL 1116725, at *4 (N.D. Cal. Mar. 1, 2018).

There are stray remarks in the record suggesting that Plaintiff may have visited the Hotel. *See, e.g.,* Dkt. 1-1 (Addendum A) at 11 (heading stating that the photographs of the alleged architectural barriers are ones Plaintiff "personally encountered"); Dkt. 11 (Plaintiff's opposition to motion to dismiss) at 6 (statement that "of course, Plaintiff *personally* visited the hotel, *personally* took the photographs and *personally* lodged there") (emphasis in original). However,

10

1  Plaintiff's complaint suggests he has not visited the Hotel because it states that the photographs of
2  the Hotel came from "online information" and claims that he is "deterred from visiting the Hotel"
3  and "intends to visit Defendant's Hotel at a specific time when [it] becomes fully compliant."
4  Dkt. 1 ¶¶ 11-12, 21-22.

On this record, the Court finds that Plaintiff has not pleaded facts showing that he is a "person[] within the jurisdiction of this state" for purposes of bringing an Unruh Act claim or that he is afforded protections under the California DPA. The Court therefore GRANTS Defendant's motion to dismiss the Unruh Act and DPA claims WITH LEAVE TO AMEND.

### b. Negligence claim

Plaintiff's remaining claim is for negligence. Defendant argues that if the Court dismisses Plaintiff's ADA claim for lack of subject matter jurisdiction, it must dismiss the state law claims because there is no basis for supplemental jurisdiction over those claims. Dkt. 5 at 12. Defendant further argues that if the Court dismisses the ADA claim for other reasons, the Court should decline to exercise its discretion to exercise supplemental jurisdiction over the remaining state law claims. *Id.*

As discussed above, the Court dismisses the ADA claim for lack of subject matter jurisdiction, with leave to amend. As a result, there is currently no basis for supplemental jurisdiction over Plaintiff's negligence claim, and the Court therefore DISMISSES that claim, without prejudice to Plaintiff filing the claim in state court or including the claim in an amended complaint in this case. If Plaintiff includes a negligence claim in his amended complaint, Defendant may renew its arguments regarding dismissal of that claim.

### D. CONCLUSION ON MOTION TO DISMISS

Plaintiff's ADA claim, Unruh Act, and DPA claims are DISMISSED WITH LEAVE TO AMEND. Plaintiff's negligence claim is DISMISSED without prejudice to filing that claim in state court or in an amended complaint in this Court, subject to Defendant's arguments as to why the claim should be dismissed.

////

////

## III. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. LEGAL STANDARD

Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. Even if summary judgment is not available on all claims in a case, a party may obtain partial summary judgment on a claim, defense, or portion thereof. Fed. R. Civ. P. 56(a).

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party with the burden of persuasion at trial must establish that there is no genuine issue of material fact regarding the elements of its claim. *So. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona v. SQM N. Am. Corp.,* 750 F.3d 1036, 1049 (9th Cir. 2014). However, the party opposing summary judgment must direct the court's attention to specific, triable facts. *So. Cal. Gas*, 336 F.3d at 889. "[T]he mere existence of a scintilla of evidence in support of the [nonmovant's] position" is insufficient to defeat a motion for summary judgment. *Id*. (quoting *Anderson*, 477 U.S. 242, 252 (1986)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts … Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.* (1986) 475 US 574, 586-587 (1986).

A court considers only admissible evidence when reviewing a motion for summary judgment. *Weil v. Citizens Telecom Svcs. Co., LLC,* 922 F.3d 993, 998 (9th Cir. 2019).

### B. DISCUSSION

Plaintiff's motion for partial summary judgment seeks summary judgment on his ADA and

12

Unruh Act Claims. *See* Dkt. 13 at 1 (arguing that "Plaintiff is entitled to Judgment as a matter of law regarding Defendant's ADA and Unruh Act liability"). Plaintiff is not entitled to summary judgment on either claim, for several reasons.

First, Defendant has challenged both the ADA and Unruh Act claims in its motion to dismiss. Dkt. 5. Because of the motion to dismiss and the Court's ruling on that motion, which gives Plaintiff the opportunity to amend his complaint, the pleadings in this case are not yet set. The pleadings play a role in summary judgment; specifically, "the 'materiality' of particular facts is determined by the pleadings and the substantive law." Rutter Group, *Federal Civil Procedure Before Trial*, ¶ 14.27.1 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, because the pleadings in this case are not yet set, Plaintiff's motion for summary judgment is premature.

Second, even if the pleadings were set, Defendant has shown that it should be permitted to conduct discovery before it is required to oppose a summary judgment motion. *See* Fed. R. Civ. P. 56(d); *see also* Dkt. 18-1 ¶ 8. This District's General Order 56, which governs ADA litigation, stays all discovery and proceedings (other than initial disclosures) until the judge orders otherwise. The timing and circumstances of Plaintiff's summary judgment motion indicates that it is an improper attempt to bypass the procedures set forth in General Order 56.[1]

Third, Plaintiff's argument in support of summary judgment appears to be that his own testimony concerning his alleged disability and photographs of alleged ADA violations are sufficient to justify summary judgment in his favor. *See* Dkt. 13 at 2; Dkt. 13-1. Specifically, Plaintiff claims that the information he submitted establishes that (1) his physical conditions constitute a disability within the meaning of the ADA; (2) Defendant's reservation services do not

---

[1] Courts in this District have held that General Order 56 "does not stay all proceedings in an ADA case, but instead stays only discovery and similar proceedings, and merely dictates an early case management process that has been tailored to ADA access cases filed in this district." *See Johnson v. Otter*, No. 18-cv-01689-BLF, 2019 WL 452040, at *2 (N.D. Cal. Feb. 5, 2019) (internal quotation marks and citations omitted). Specifically, "General Order 56 does not bar the filing of a motion challenging the pleadings or the court's jurisdiction." *Id.* (citations omitted). However, Plaintiff has not established that an early summary judgment motion—filed before the pleadings are set and before other events required under General Order 56 events have occurred—is appropriate.

13

1 comply with ADA requirements; and (3) Defendant's hotels have architectural barriers that violate the ADA. *See* Dkt. 13 at 5-7. Plaintiff's arguments misunderstand his burden of proof in bringing his claims.

With respect to Plaintiff's physical conditions, although "a plaintiff's testimony may establish a genuine issue of material fact sufficient to *survive* summary judgment … Plaintiff cites no authority suggesting that her declaration alone is sufficient to establish her entitlement to the ADA's protections as a matter of law." *Moralez v. Wal-Mart Stores Inc.*, No. C 17-05127 WHA, 2018 WL 545877, at *2 (N.D. Cal. Oct. 28, 2018) (denying plaintiff's motion for summary judgment on ADA and Unruh Act claims where only evidence of Plaintiff's disability submitted in support of her motion for summary judgment was her own declaration) (emphasis in original). Defendant is entitled to test Plaintiff's assertions through discovery, which is currently stayed by operation of General Order 56.

As to the alleged noncompliance of Defendant's reservation systems with ADA requirements, Plaintiff cites 28 C.F.R. § 36.302(e), which requires, *inter alia,* that a place of lodging "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservation service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." An evaluation of whether a particular hotel meets this standard depends on a variety of considerations, including whether the hotel was built in compliance with the 1991 Standards and on the information available through and operation of the particular reservation system at issue. *See Barnes v. Marriott Hotel Services, Inc.*, No. 15-cv-01409-HRL, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017). Although Plaintiff has presented screenshots of several first- and third-party booking services relating to the Hotel, further development of the factual record is needed in order to determine whether Defendant violates the relevant provisions of the ADA.

Similarly, Plaintiff's allegations regarding architectural barriers cannot be resolved on summary judgment, at least based on the present record. For example, Plaintiff alleges that the removal of the architectural barriers is "readily achievable." Dkt. 1 ¶ 25. In general, the ADA imposes an obligation on owners and operators of existing facilities to remove architectural

14

barriers unless removal is not "readily achievable," and that standard encompasses a number of fact-specific considerations. See 42 U.S.C. §§ 12182(b)(2)(A)(iv), 12181(9). "Several courts have noted [that] whether a specific change is readily achievable is a fact-intensive inquiry that will rarely be decided on summary judgment." *Rodriguez v. Barrita, Inc.*, No. C 09-04057-RS, 2012 WL 3538014, at *8 (N.D. Cal. Mar. 1, 2012) (internal quotation marks and citations omitted).

### C. CONCLUSION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff's motion for partial summary judgment, brought before the pleadings are set and before any discovery has occurred, is premature. Moreover, the untested evidence submitted by Plaintiff does not establish that Plaintiff is entitled to summary judgment on the merits of its ADA or Unruh Act claims. Accordingly, Plaintiff's motion for partial summary judgment is DENIED. Further, Plaintiff must seek permission from this Court before filing another motion for summary judgment in this action.

### IV. DISPOSITION

For the reasons discussed above, Defendant's motion to dismiss Plaintiff's ADA, Unruh Act, and DPA claims is GRANTED WITH LEAVE TO AMEND, and Plaintiff's negligence claim is DISMISSED without prejudice to refiling that claim in state court or in an amended complaint in this case, subject to Defendant's arguments as to why that claim should be dismissed. Defendant's request for judicial notice is DENIED. Plaintiff's motion for partial summary judgment is DENIED. The Court further ORDERS as follows:

1. If Plaintiff wishes to attempt to address the deficiencies identified in this order, and if he can do so in compliance with Rule 11 standards, he may file an amended complaint no later than **January 15, 2020**.

2. Defendant's response to the amended complaint is due no later than **10 days** after the filing of the amended complaint. If Defendant responds by filing a motion to dismiss the amended complaint, Plaintiff must file any opposition to that motion within **10 days**. Defendant may file a reply within **5 days** of the filing of Plaintiff's opposition. The Court will inform the parties if a hearing is necessary.

15

3. Plaintiff must seek leave of court prior to filing another motion for summary judgment.
4. Within 10 days of Defendant filing a responsive pleading to an amended complaint, the Parties are to provide a joint statement setting forth the status of this action under General Order 56.

**SO ORDERED.**

Dated: December 19, 2019

SUSAN VAN KEULEN
United States Magistrate Judge