United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, | Case No. 19-cv-04616-SVK |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| RESORT AT INDIAN SPRINGS, LLC, | Re: Dkt. No. 25 |
| Defendant. | |

Plaintiff Peter Strojnik, representing himself *pro se*, alleges that Defendant Resort at Indian Springs, LLC, which owns, operates, or leases a hotel in Calistoga, California (the "Hotel"), violates the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("DPA") and is liable for negligence. According to Plaintiff, first-party and third-party booking websites did not describe the Hotel's accessibility features in sufficient detail to permit Plaintiff to assess whether the Hotel meets his accessibility needs; he was unable to reserve accessible guest rooms in the same manner as individuals who do not need accessible rooms; and the Hotel has architectural barriers to accessibility. Dkt. 1 (Complaint) at ¶¶ 16-22; Dkt. 24 (First Amended Complaint ("FAC")) at ¶¶ 51-57, 63-64.

On December 19, 2019, the Court granted Defendant's motion to dismiss the original complaint. Dkt. 23. The Court dismissed Plaintiff's ADA claim with leave to amend, holding that Plaintiff had failed to tie the alleged barriers at the Hotel to his particular disability and failed to allege facts showing that he has suffered continuing adverse effects. *Id.* at 7-9. The Court also dismissed Plaintiff's Unruh Act and DPA claims with leave to amend on the ground that Plaintiff had not pleaded facts showing that he is a "person[] within the jurisdiction of this state" for purposes of bringing an Unruh Act claim or that he is afforded protections under the DPA. *Id.* at 11. The Court dismissed Plaintiff's negligence claim because, having dismissed the ADA claim, there was no basis for supplemental jurisdiction over Plaintiff's negligence claim. *Id.* The Court

stated that dismissal of the negligence claim was "without prejudice to Plaintiff filing the claim in state court or including the claim in an amended complaint in this case" and that if Plaintiff included a negligence claim in his amended complaint, "Defendant may renew its arguments regarding dismissal of that claim." *Id.*

Defendant now seeks to dismiss all claims in the FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). Dkt. 25. The parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 11.

Pursuant to Civil Local Rule 7-1(b), the Court deems the pending motion to dismiss suitable for determination without oral argument. After considering the parties' submissions, the case file, and relevant law, the Court **DENIES** Defendant's motion to dismiss for the reasons that follow.

## I.     BACKGROUND

Plaintiff Peter Strojnik, a resident of Arizona, alleges that he has "a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee." that "substantially limit his major life activities." Dkt. 24 ¶¶ 3, 8. According to Plaintiff, he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." *Id.* ¶ 16.

Plaintiff claims that he sought information about Defendant's Hotel in connection with a planned trip to the California Wine Country. *Id.* ¶ 52. According to Plaintiff, he noted that first-party and third-party booking websites "failed to identify and describe accessible features in the Hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." *Id.* Plaintiff alleges that third party booking websites also "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." *Id.* ¶ 63. Nevertheless, Plaintiff alleges that he lodged at the Hotel on April 17, 2019. *Id.* ¶ 54. Plaintiff contends that he "personally encountered accessibility barriers at Defendant's Hotel" that "did not completely preclude Plaintiff from entering or using a facility" but "interfered with the plaintiff's 'full and equal enjoyment'" of the Hotel. *Id.* ¶ 55. Plaintiff's complaint is accompanied by an addendum containing screen shots from booking websites and photographs of the Hotel. Addendum C to Dkt. 24.

United States District Court
Northern District of California

On August 9, 2019, Plaintiff filed this action, asserting causes of action for: (1) violation of the ADA, 42 U.S.C. § 12101 *et seq.*; (2) violation of the California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*; (3) the California Disabled Person Act, California Civil Code §§ 54-54.3; and (4) negligence. Dkt. 1. Defendant moved to dismiss the complaint, and Plaintiff sought summary judgment in his favor. Dkt. 5; Dkt. 13.

As discussed above, the Court granted the motion to dismiss with leave to amend. Dkt. 23. The Court also denied Plaintiff's motion for summary judgment. *Id.*

Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 24. The FAC asserts four causes of action under the same legal theories as the original complaint: violations of the ADA, Unruh Act, and DPA; and negligence. *Id.* Now before the Court is Defendant's motion to dismiss the FAC under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Dkt. 25.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. A challenge to a plaintiff's Article III standing is properly challenged by a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the plaintiff's lack of standing, the plaintiff must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health and Human Svcs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (citation omitted).

### B.    Rule 12(b)(6)

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim

3

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

upon which relief can be granted.  In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## III.     DISCUSSION

### A.     ADA Claim

In the order dismissing the original complaint, the Court pointed out two key flaws in the ADA claim.  First, Plaintiff failed to allege facts establishing how the alleged barriers at the Hotel impair his full use and equal enjoyment of that facility, given his alleged mobility limitations.  Dkt. 23 at 5-7.  Specifically, the Court found that Plaintiff described his disability in only the most vague, general terms, and Plaintiff had identified the barriers only by conclusory captions to the photographs in Addendum C to the complaint.  *Id.* at 7.  Second, Plaintiff failed to demonstrate a true desire to visit the property, absent the alleged barriers.  *Id.* at 8-9.  As a result of these flaws, the Court dismissed Plaintiff's ADA claim with leave to amend.  *Id.* at 9.

In reviewing the FAC, the Court concludes that Plaintiff has corrected the defect the Court identified in the ADA claim in the original complaint.

United States District Court
Northern District of California

### 1.     Allegations regarding link between alleged barriers and Plaintiff's condition

As to the first defect—Plaintiff's failure to link his disability to the alleged barriers—the FAC describes Plaintiff's illnesses and conditions in substantially more detail.  *See, e.g.,* Dkt. 24 at ¶¶ 16, 30-41.  Although the allegations in Paragraph 16 that Plaintiff "suffers from physical impairments [that] substantially limit his major life activities" are not sufficiently detailed by themselves, much more detail is provided in Paragraphs 30-41.  Coupled with this more detailed explanation of Plaintiff's physical condition, the FAC contains a more specific enumeration of barriers and how they impact Plaintiff's limited mobility. *See id.* at ¶ 56.  Although Defendant is correct that the statements in Addendum C to the FAC remain conclusory, when read together with Paragraph 56, Plaintiff's FAC sufficiently states a claim.

### 2.     Allegations regarding Plaintiff's intent to visit property

Paragraph 14 of the FAC addresses the Court's concern about Plaintiff's attempt in the original complaint to plead a threat of repeated injury.  *See* Dkt. 23 at 7-9.  That paragraph establishes Plaintiff's frequent past and planned future visits to Napa.  Dkt. 24 at ¶ 14.  Plaintiff also alleges he stays near the Hotel and would stay there but for the barriers.  *Id.*

Because the FAC addresses both defects the Court identified in the ADA claim in the original complaint, Defendant's motion to dismiss the ADA claim in the FAC is **DENIED.**

### B.     State Law Claims

### 1.     Unruh Act and DPA claims

In the order dismissing the original complaint, the Court pointed out inconsistent allegations as to whether the Plaintiff had visited Defendant's Hotel.  Dkt. 23 at 10-11.  On that record, the Court found that Plaintiff had not pleaded facts that he is a "person[] within the jurisdiction of this state" for purposes of bringing claims under the California Unruh Act of DPA.  *Id.*  As a result, the Court dismissed Plaintiff's Unruh Act and DPA claims with leave to amend.  *Id.* at 11.  The FAC corrects this defect because Plaintiff alleges that he stayed at the Hotel on April 17, 2019.  Dkt. 24 at ¶ 54.

Defendant nevertheless argues that the Court should exercise its discretion to decline supplemental jurisdiction over Plaintiff's state law claims because the state law claims

1    substantially dominate and/or because the compelling interests of comity and the discouragement

2    of forum shopping support an order declining to exercised supplemental jurisdiction.  *See* Dkt. 25

3    at 15-19 (citing 28 U.S.C. § 1367(c)(2) and (4)).  The Court disagrees.  Neither party challenges

4    the Court's authority to exercise supplemental jurisdiction under section 1367(a) because

5    Plaintiff's state law claims plainly share a "common nucleus of operative fact" with his federal

6    ADA claim.  *See Lane v. Landmark Theatre Corp.*, No. 16-cv-06790-BLF, 2020 WL 1976420, at

7    *11 (N.D. Cal. Apr. 24, 2020) (citing *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004)).

8    The Court is not persuaded that the section 1367(c) factors cited by Defendant warrant a refusal to

9    exercise supplemental jurisdiction.  Plaintiff's state law claims do not predominate over the ADA

10   claim, which has not been dismissed, and retention of the state law claims would serve values of

11   "economy, convenience, [and] fairness."  *Lane*, 2020 WL 1976429 at *11.

12          Accordingly, Defendant's motion to dismiss the Unruh Act and DPA claims is **DENIED.**

13          **2.      Negligence claim**

14          The Court dismissed the negligence claim in Plaintiff's original complaint because there

15   was no basis for supplemental jurisdiction over the negligence claim as a result of the Court's

16   dismissal of the ADA claim.  Dkt. 23 at 11.  Because the Court has denied Defendant's motion to

17   dismiss the ADA claim in the FAC, there is now a basis for supplemental jurisdiction over

18   Plaintiff's negligence claim.  Although, as discussed above, Defendant urges the Court not to

19   exercise supplemental jurisdiction over Plaintiff's state law claims, the Court finds that the

20   exercise of supplemental jurisdiction over the state law claims, including the negligence claim, is

21   appropriate for the reasons discussed above.

22          Defendant also argues that Plaintiff has failed to state a plausible claim for negligence.

23   Dkt. 25 at 19.  Defendant notes that Plaintiff's FAC introduces Count 4 as a cause of action under

24   the "common law of negligence per se."  *Id.* (citing Dkt. 24 ¶ 1.)   According to Defendant, the

25   doctrine of negligence per se "define[s] situations in which the failure to comply with a statutory

26   requirement may be presumed to be actionable negligence."  Dkt. 25 at 19.  Defendant argues that

27   the claim for negligence per se in this case fails because (1) the FAC omits allegations describing

28   any cognizable injury to Plaintiff's person or property; and (2) even if the FAC is interpreted to

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    claim personal injury, a claim for negligence per se cannot be predicated on an ADA violation.  *Id.*

2    at 19-20.

3          The reference to "negligence per se" appears in the first, introductory paragraph in the

4    FAC.  Dkt. 24 at ¶ 1.  The paragraphs setting forth Plaintiff's negligence cause of action do not

5    expressly refer to "negligence per se."  *Id.* at ¶¶ 90-109.  However, even if it construes Plaintiff's

6    negligence claim as being premised on a negligence per se theory, the Court finds that the FAC

7    adequately alleges such a claim because Plaintiff has plausibly alleged that (1) the Hotel violated a

8    regulation that itself results in violations of federal and state law; (2) he was injured by the

9    violation; (3) the ADA and DPA were designed to protect disabled persons; and (4) he is disabled.

10   *Id.*; *see also Strojnik v. 574 Escuela, LLC*, No. 3:18-cv-06777-JD, 2020 WL 1557434, at *5 (N.D.

11   Cal. Mar. 31, 2020) (denying motion to dismiss negligence per se claim premised on ADA and

12   DPA violations).

13         Accordingly, Defendant's motion to dismiss the negligence claim is **DENIED.**

14   **IV.    CONCLUSION**

15         For the reasons discussed above, Defendant's motion to dismiss is **DENIED.**  The Court

16   **ORDERS** as follows:

17         1.  Defendant's answer to the FAC is due within **21 days** of the date of this order.

18         2.  Within **30 days** of the date of this order, the parties must file a joint proposed

19             schedule to proceed under General Order 56 (*i.e.*, an update to the joint status

20             report at Dkt. 28).

21         3.  A Case Management Conference is scheduled for **November 10, 2020.**  The parties

22             must file a Joint Case Management Conference Statement by **November 3, 2020.**

23         **SO ORDERED.**

24   Dated: June 25, 2020

25

26   Susan van Keulen

27   SUSAN VAN KEULEN
     United States Magistrate Judge

28